SUCCESSION OF JOSEPH A. BEARD.—SARAH E. ANDREWS *v.* EXECUTOR OF BEARD.

14   121
51 1364
14   121
114   656

The instrument set up as a last will was in these words : " Due *Mrs. Sarah E. Andrews* the sum of two thousand five hundred dollars, payable to her order, out of the proceeds of my estate, after my death. New Orleans, June 15th, 1855. J. A. BEARD.''

*Held :* That such an instrument being negotiable in its form, cannot be viewed as a legacy, for want of a legatee.

Where it was established that the plaintiff was the concubine of a married man, who executed an obligation in her favor, payable at his death—*Held :* That a *prima facie* case was created, which threw upon the plaintiff the burden of proving a legal consideration.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Hart & Martin*, for plaintiff. *Simonds & Fenner*, for the Executor, defendant and appellant.

BUCHANAN, J. The testamentary executor is appellant from two judgments ; one probating a due bill of the testator as a last will ; and the other, condemning the estate to pay the amount of said due bill.

The two appeals are submitted for decision together.

16

The instrument which has been admitted to probate as a last will, reads as follows:

"Due *Mrs. Sarah E. Andrews*, the sum of two thousand five hundred dollars, payable to her order, out of the proceeds of my estate, after my death.

"New Orleans, June 15th, 1855.                                J. A. BEARD."

The District Judge held this to be a testament, on the authority of the case of *Pena* v. *Cities of New Orleans and Baltimore*, 13 An. 86. But the difference between the two instruments is obvious. Not to mention other points of distinction, it is sufficient to say, that in the case quoted, there was a devisee named, to wit, *Francis Pena ;* while in the present so called will, there is no devisee.

The amount which *Joseph A. Beard* acknowledged to owe to *Sarah E. Andrews*, he declares to be payable out of his effects, after his death—but to whom? To the order of *Sarah E. Andrews.* The endorsement of *Mrs. Andrews*, would have made this instrument, negotiable in its form, and dated some two years previous to *Beard's* death, the property of the bearer. Consequently, viewing the instrument as an act of last will, each holder became, in turn, the legatee of *Joseph A. Beard.* It is, as if *Beard* had written " my estate, after my death, will be bound for the payment of my due bill in favor of *Sarah E. Andrews*, to any person who may be the endorser and holder of said due bill."

We hold this to be no legacy, for the want of a legatee. It appears to be simply an evidence of indebtedness. As such, it may be considered of superior rank to a legacy ; inasmuch as debts are to be paid before legacies. The document was improperly admitted to probate as a last will ; and the appeal taken from the order of probate, must be sustained.

The other appeal is a suit brought by *Mrs. Andrews* against the testamentary executor of *Joseph A. Beard*, in which she claims judgment against him for the amount of the due bill, with interest, to be paid in due course of administration. The executor, who is also one of the heirs of *Joseph A. Beard*, among other defences, pleads specially want of consideration of the due bill, alleging that the plaintiff was the concubine of said *Beard.*

Evidence received without objection, and not contradicted, has left little or no doubt upon our mind, that an illicit intercourse subsisted between the deceased signer of the due bill, (who was a married man,) and the plaintiff.

Evidence of this character, creates a *prima facie* case against plaintiff, which throws upon her the burden of proving a legal consideration for the instrument sued upon. She has offered no proof whatever upon this point.

As, however, the District Judge has not attached the same significance as ourselves to the portions of the evidence to which we have alluded, we will give plaintiff another opportunity of proving a valid consideration.

It is, therefore, adjudged and decreed, that the judgment or order of probate and execution of the due bill of *Joseph A. Beard*, deceased, held by *Sarah E. Andrews*, as a last will of said *Beard*, be reversed ; and the petition of said *Andrews* for probate, dismissed at her costs in both courts.

It is further decreed, that the judgment of the District Court in favor of *Sarah E. Andrews* against *C. C. Beard*, testamentary executor of *Joseph A. Beard*, being No. 5787 of the docket of this court, be reversed ; and that the said cause be remanded for a new trial according to law ; and that the costs of appeal in said case No. 5787, be paid by the plaintiff and appellee.